UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES HEBERLE, an individual,

    Plaintiff,

v.                    Case No: 2:17-cv-663-FtM-99MRM

EDSALL GROVES, INC. (d/b/a Sun Harvest Citrus), a Florida corporation,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Amended Complaint (Doc. #12) filed on March 2, 2018. Plaintiff filed a Response in Opposition (Doc. #13) on March 9, 2018. For the reasons set forth below, the Motion is granted with leave to amend Count One.

**I.**

This case alleges interference and retaliation in violation of the Family and Medical Leave Act (FMLA) by plaintiff James Heberle against his former employer, Edsall Groves, Inc. (Doc. #8.) As alleged in the Amended Complaint, Edsall hired plaintiff in November 2014 as a fruit cutter. (Id., ¶ 8.) On June 20, 2017, plaintiff was diagnosed with spinal stenosis, which plaintiff states is "a serious health condition under the FMLA." (Id., ¶ 11.) Heberle advised his supervisor of his diagnosis and

that he would require approximately 12-weeks of medical leave. (Id., ¶ 12.) Rather than provide plaintiff with any FMLA certification forms, defendant assured plaintiff that his position was safe and that he should take time off during the slower summer months to heal. (Id., ¶ 13.)

On September 13, 2017, plaintiff provided defendant with a return to work certification from his physician and attempted to return to work with defendant, but was denied. (Doc. #8, ¶ 14.) Instead, defendant informed plaintiff that he would be placed on the November 2017 schedule. (Id., ¶ 15.) However, on October 26, 2017, defendant contacted Heberle and informed him that he was not permitted to return to work because his services were no longer needed. (Id., ¶ 16.) Plaintiff later learned that a part-time employee who had assumed plaintiff's duties when he went on medical leave had filled his position. (Id., ¶ 17.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a

right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

"Under the FMLA, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for a

serious health condition that makes the employee unable to perform the functions of her position." Gilliard v. Georgia Dep't of Corr., 500 F. App'x 860, 864 (11th Cir. 2012) (quotation omitted). Additionally, "[a]n employee has the right following FMLA leave to be restored by the employer to the position of employment held by the employee when the leave commenced or to an equivalent position." Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1267 (11th Cir. 2008) (quotation omitted).

An employee may bring two types of FMLA claims: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act; and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in an activity protected by the Act." Pereda v. Brookdale Senior Living Communities, Inc., 666 F.3d 1269, 1272 (11th Cir. 2012). The Amended Complaint contains both an interference claim (Count One) and a retaliation claim (Count Two).

**A. FMLA Interference**

Edsall moves to dismiss the FMLA interference claim, arguing that plaintiff has not alleged that he provided Edsall with sufficient information for it to reasonably determine whether plaintiff was entitled to FMLA leave, nor did plaintiff provide Edsall with sufficient notice that he required FMLA leave. Specifically, Edsall acknowledges that although plaintiff alleges

that he was diagnosed with spinal stenosis and advised his supervisor, he does not allege that he informed his supervisor when FMLA leave was necessary or the actual duration of the leave. Defendant also disputes that spinal stenosis is a serious health condition. 29 U.S.C. § 2611(11).

Heberle alleges that he requested twelve weeks of medical leave due to spinal stenosis, which plaintiff states is a "serious health condition under the FMLA." (Doc. #8, ¶¶ 11-12.) In his brief, plaintiff states that spinal stenosis is "unquestionably FMLA qualifying because Heberle's physician ordered 12-weeks of medical leave." (Doc. #13, p. 6.) Nowhere in plaintiff's Amended Complaint does he make such an allegation, but the Court agrees that if his physician did order such medical leave (with continuing treatment) due to spinal stenosis, this condition may qualify as a serious health condition. See 29 U.S.C. § 2611(11) ("The term 'serious health condition' means an illness, injury, impairment, or physical or mental condition that involves — (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider.") The Court will allow plaintiff leave to amend to clarify his allegations in this regard.

The Court does not agree, however, that plaintiff has failed to plausibly allege that he provided Edsall with sufficient notice and information regarding his need for FMLA leave. The Amended

Complaint alleges that plaintiff was entitled to FMLA leave, he informed Edsall of his condition and requested FMLA leave but was told it was unnecessary, and was terminated after he attempted to return to work. Thus, plaintiff has plausibly alleged that defendant was on notice of plaintiff's condition and his need for FMLA leave.

**B. FMLA Retaliation**

To prevail on a FMLA retaliation claim, "an employee must demonstrate that his employer intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right." Strickland v. Water Works & Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1207 (11th Cir. 2001). Absent direct evidence of an employer's intent, "an employee claiming FMLA retaliation must show that (1) he engaged in statutorily protected activity, (2) he suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." Martin, 543 F.3d at 1268. Defendant challenges the third prong.

To satisfy the causation prong, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated. For purposes of a prima facie case, close temporal proximity may be sufficient to show that the protected activity and the adverse action were not wholly unrelated." Freytes-Torres v. City of Sanford, 270 F. App'x 885,

893 (11th Cir. 2008) (citation omitted). "But mere temporal proximity, without more, must be very close," and "[a] three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (quoting Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)). "Thus, in the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law." Id.

According to the Amended Complaint, Heberle attempted to return from FMLA leave on September 13, 2017, but was denied return. Plaintiff was then contacted by defendant on October 26, 2017 and informed that he was terminated. Plaintiff also alleges that a part-time employee assumed his duties while he was on FMLA leave and replaced him. This is sufficient to allege a causal link; therefore, Heberle has adequately alleged a FMLA retaliation cause of action.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss Amended Complaint (Doc. #12) is **GRANTED IN PART AND DENIED IN PART**. Count One is **DISMISSED without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) days** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this  20th  day of March, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record